In the Matter of ROBERT LAW et al., Appellants, against HERBERT E. HENION, as County Judge of the County of Rockland, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act to review the determination of a County Judge denying an application for adoption, the petitioners appeal from an order dismissing the proceeding. Order unanimously affirmed, with $50 costs and disbursements. The proceeding for adoption is by statute declared to be a judicial proceeding. Cases wherein it was held that such proceedings were not judicial are no longer controlling. The orders in such proceedings have the force and effect of judgments in a common-law action. (Domestic Relations Law, § 110.) The judge or surrogate is granted powers like those of a court of general jurisdiction to open or vacate orders of adoption for fraud or newly discovered evidence or other sufficient cause. (Domestic Relations Law, §§ 114–118-a.) The proceedings to set aside and vacate, which in effect would seek a denial of adoption, would clearly come within the definition of a special proceeding. (Civ. Prac. Act, § 5.) It would seem, therefore, that by the statutory declaration that proceedings for adoption are judicial proceedings and by the provision that orders therein shall have the force of judgments in common-law actions, adoption proceedings are special proceedings, the orders in which are not subject to review in an article 78 proceeding (Civ. Prac. Act, § 1285). (Cf. *Matter of Cooper*, 22 N. Y. 67.) Present—Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ.